No. 4:25–CV–03156

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

IN RE: GALLERIA WEST LOOP INVESTMENTS, LLC

BDFI LLC,

*Appellant*

v.

VB ACQUISITION SUB NO. 3, LLC AND VERITEX COMMUNITY BANK,

*Appellees*

Bankruptcy Appeal from the United States Bankruptcy Court
for the Southern District of Texas, Case No. 24–32143,
Adv. Proc. No. 25–03358, Hon. Marvin Isgur, Presiding

**APPELLEES' BRIEF**

KANE RUSSELL COLEMAN LOGAN PC
**Andrew D. Robertson**
Texas Bar No. 24090845
901 Main Street, Suite 5200
Dallas, Texas 75202
Tel: 214.777.4287
Fax: 214.777.4299
drobertson@krcl.com
*Appellate Counsel for Appellees*

# DISCLOSURE STATEMENT

Pursuant to FED. R. BANKR. P. 8012(a):

Appellee VB Acquisition Sub No. 3, LLC (**VB Acquisition**) states that it is a wholly–owned subsidiary of Appellee Veritex Community Bank.

Appellee Veritex Community Bank (**Veritex**) states that it is a wholly–owned subsidiary of non–party Veritex Holdings, Inc., a publicly–traded Texas corporation (NASDAQ: VBTX).

# TABLE OF CONTENTS

Disclosure Statement ................................................................................ 2

Table of Contents ...................................................................................... 3

Table of Authorities .................................................................................. 3

Issues Presented ........................................................................................ 6

Introduction ............................................................................................... 7

Statement of the Case ............................................................................... 8

    A.   Factual Background and Prior Proceedings. ......................... 8

    B.   Procedural History of the Current Appeal ........................... 15

Summary of the Argument...................................................................... 19

Standard of Review.................................................................................. 20

Argument .................................................................................................. 21

    I.   The Bankruptcy Court properly dismissed BDFI's frivolous claims with prejudice, pursuant to its authority under section 105 of the Bankruptcy Code, to prevent further bad faith conduct by BDFI. ..................... 21

    II.   The Bankruptcy Court properly expunged the *lis pendens* notices under section 105 of the Bankruptcy Code or, alternatively, under its continuing jurisdiction to address those notices after dismissal of BDFI's underlying causes of action. ...................................... 29

Conclusion and Prayer ............................................................................ 34

Certificate of Service ............................................................................... 35

Certificate of Compliance ....................................................................... 36

**TABLE OF AUTHORITIES**

**Cases**

*Anderson v. City of Bessemer City,*
470 U.S. 564 (1985) .........................................................................................27

*Bechuck v. Home Depot U.S.A., Inc.,*
814 F.3d 287 (5th Cir. 2016) .........................................................................23

*Becker v. Tidewater, Inc.,*
586 F.3d 358 (5th Cir. 2009) .........................................................................27

*Carter v. United States,*
547 F.2d 258 (5th Cir. 1977) .........................................................................24

*Guzman v. Hacienda Records,*
No. 6:12–CV–42, 2015 WL 4920058 (S.D. Tex. Aug. 18, 2015) .............. 28, 30

*In re Amerijet Int'l, Inc.,*
785 F.3d 967 (5th Cir. 2015) .........................................................................23

*In re DB Holdings Liquidation Inc.,*
592 B.R. 539 (Bankr. Del. 2018) ...................................................................23

*In re Gow Ming Chao,*
No. 11–38131, 2011 WL 5855276 (S.D. Tex. 2011) ........................................23

*In re Herby's Foods, Inc.,*
2 F.3d 128 (5th Cir. 1993) .............................................................................20

*In re McDaniel,*
70 F.3d 841 (5th Cir. 1995) ..................................................................... 20, 27

*In re Miller,*
433 S.W.3d 82 (Tex. App.—Houston [1st Dist.]
2014, orig. proceeding) .................................................................................32

*In re Webb,*
954 F.2d 1102 (5th Cir. 1992) .......................................................................20

*Jacobsen v. Moser (In re Jacobsen)*,
609 F.3d 647 (5th Cir. 2010) ..................................................................passim

*Marrama v. Citizens Bank of Massachusetts*,
549 U.S. 365 (2007) ................................................................................ 25, 27

*Perez v. Peake*,
373 B.R. 468 (S.D. Tex. 2007) ................................................................ 20, 27

*W&L Ventures, Inc. v. East West Bank*,
No. H–13–00754, 2014 WL 3810692 (S.D. Tex. Aug. 1, 2014) ......................31

*Williams v. Capital Fund I, LLC*,
No. 4:23–cv–1694, 2024 WL 2806178 (S.D. Tex. May 31, 2024) ............ 32, 33

## Statutes

11 U.S.C. § 105............................................................................... *passim*

11 U.S.C. § 1307.......................................................................... 24, 25, 28

TEX. PROP. CODE ANN. § 12.007 ................................................... 14, 15, 33

TEX. PROP. CODE ANN. § 12.0071 .........................................................32

## Rules

FED. R. BANKR. P. 7041.............................................................................17

FED. R. BANKR. P. 8012...............................................................................2

FED. R. BANKR. P. 8013.......................................................................... 20, 27

FED. R. BANKR. P. 8015.............................................................................36

FED. R. CIV. P. 12 ....................................................................................16

FED. R. CIV. P. 41 ........................................................................... *passim*

S.D. TEX. LOCAL RULE 10.2 ....................................................................36

1. Did the Bankruptcy Court[1] correctly dismiss Appellant's lawsuit with prejudice under the authority of 11 U.S.C. § 105 after it found that such lawsuit was filed in bad faith, without merit, and with the intent to subvert the Bankruptcy Court's prior orders?

2. Regardless of whether dismissal of the underlying causes of action was appropriate, did the Bankruptcy Court nevertheless correctly expunge Appellant's frivolous *lis pendens* filings under either 11 U.S.C. § 105 or the Bankruptcy Court's continuing jurisdiction following dismissal?

---

[1] United States Bankruptcy Court for the Southern District of Texas, Houston Division, Hon. Marvin Isgur (**Bankruptcy Court**).

The history giving rise to this matter is extensive, including a multitude of cases brought in state and federal courts directly by, or at the direction of, Ali Choudhri (**Choudhri**)[2] all intended to delay, frustrate, and prevent Appellees' exercise of their lawful rights (as determined and approved by the Bankruptcy Court). Indeed, the Bankruptcy Court has become well-acquainted with Choudhri and his frivolous, bad faith litigation tactics (brought through a revolving door of one counsel after another) on many prior occasions and has repeatedly warned Choudhri to cease engaging in such tactics. This case presents the latest chapter in Choudhri's evolving saga of disrespect for the Bankruptcy Court's orders and attempts to interfere with Appellees' rights.

---

[2] In addition to the state and federal cases directly underlying the current bankruptcy, this Court may take judicial notice that Choudhri is a litigant well known to the Court over the course of many years. A basic WestLaw search will reveal **dozens** of opinions from this Court, from the Bankruptcy Court, and from multiple Texas courts of appeals, in which Choudhri and various entities he controls have been frequent litigants on a variety of issues.

In the interest of brevity, Appellees include below a summary of the most pertinent factual and procedural history relevant to the present appeal.[3]

## A.  Factual Background and Prior Proceedings.

On or about March 9, 2018, Appellant BDFI, LLC (**BDFI**) executed a promissory note (the **Note**) under which it was obligated to make monthly payments to Veritex.[4]  In executing the Note, BDFI pledged certain real property owned by Galleria West Loop Investments, LLC (**GWLI**) as security (the **Property**).[5]  Choudhri is the principal of both BDFI and GWLI.[6]

BDFI ultimately defaulted on its obligations under the Note, including its obligation to make monthly payments, and in December 2022, Veritex posted the Property for a foreclosure sale that was set to occur on January 3,

---

[3] For additional context, Appellees have made substantial portions of the Bankruptcy Court's extensive record available as part of the Record on Appeal (cited herein as the **ROA**).

[4] *See* ROA.000693-704. The Note was originally payable to Green Bank, N.A., which subsequently merged with and into Veritex. *See* ROA.000734. Green Bank, N.A. no longer exists as a separate entity.

[5] *See* ROA.000694. The Property is located at 50 Briar Hollow Lane, Houston, Texas 77027. *See* ROA.000422.

[6] *See* ROA.000057.

2023.[7] However, on the morning of January 3, 2023, GWLI filed an application for a temporary restraining order (**TRO**) to stop Veritex's foreclosure sale in Cause No. 2023-00074 before the 125th Judicial District Court, Harris County, Texas.[8] After the state court denied GWLI's application for the TRO, GWLI immediately filed a chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Western District of Texas, San Antonio Division; Case No. 23-50027-cag.[9]

On or about July 20, 2023, Veritex entered into a settlement agreement (the **Settlement Agreement**) with BDFI, GWLI, and Choudhri in his individual capacity (collectively the **Choudhri Parties**) resolving GWLI's bankruptcy case.[10] The terms of the Settlement Agreement included an agreed dismissal of GWLI's bankruptcy case with prejudice, the Choudhri Parties' agreement to make monthly interest payments on the amounts due under the Note, and the Choudhri Parties' agreement not to seek any injunctive relief or otherwise attempt to preclude Veritex from foreclosing

---

[7] *See* ROA.000991.

[8] *See* ROA.000990-1029.

[9] *See* ROA.001030-38.

[10] *See* ROA.000422-440.

on the Property if the Choudhri Parties defaulted under the Settlement Agreement, as well as a 36–month bar to GWLI refiling.[11]

The Choudhri Parties ultimately defaulted on their obligations to make monthly interest payments under the Settlement Agreement, among other things, and Veritex sent the Choudhri Parties notice of default on February 2, 2024.[12]  On March 8, 2024, Veritex sent the Choudhri Parties notice that the Property would be posted for another foreclosure sale on April 2, 2024.[13]

On April 1, 2024, BDFI and GWLI filed their Original Petition, Application for Temporary Restraining Order, Temporary and Permanent Injunction in the 295th District Court of Harris County, Texas (the **295th Suit**), seeking to restrain Veritex from proceeding with the April 2, 2024, foreclosure sale and seeking a declaratory judgment that BDFI is in compliance with the Note, or that its compliance with the Note is impossible.[14]  A hearing on BDFI's and GWLI's application for a TRO was

---

[11] *See id.*

[12] *See* ROA.000151.

[13] *See* ROA.001093-1099.

[14] *See* ROA.001107-1152.

held the same day, during which they were granted a TRO precluding Veritex from foreclosing on the Property.[15]

BDFI and GWLI did not seek an extension of the TRO, and the TRO expired by its terms on April 15, 2024.[16] Accordingly, Veritex posted the Property for a foreclosure sale that was to occur on May 7, 2024.[17]

However, on May 2, 2024, BDFI and GWLI again attempted to obtain an improper second TRO to prevent Veritex from proceeding with the May 7, 2024, foreclosure sale by filing a Second Application for TRO in the 295th Suit.[18] A hearing was held on the Second Application for TRO on May 3, 2024, during which the application was denied.[19]

On May 6, 2024, BDFI and GWLI filed an emergency request in the 295th Suit for "equitable relief" again seeking to prevent Veritex from proceeding with the May 7, 2024, foreclosure sale.[20] A hearing was held the same day, during which the Court also denied this request.[21]

---

[15] *See* ROA.000024.

[16] *See id.*

[17] *See* ROA.001100-1106.

[18] *See* ROA.001153-1249.

[19] *See* ROA.001250-1252.

[20] *See* ROA.000747-755.

[21] *See* ROA.000756.

Later that evening, *BDFI's and GWLI's then-counsel*, Kevin Madden, initiated the present bankruptcy by filing an involuntary bankruptcy petition against GWLI (Mr. Madden's own client) on behalf of one of its alleged creditors, Gene McCubbin d/b/a PopLabs.[22] A suggestion of bankruptcy was filed in the 295th Suit on May 9, 2024, automatically staying the proceedings in the 295th Suit.[23]

On June 4, 2024—after yet *another* last minute attempt by the Choudri Parties to obtain a new TRO that same morning (which the Bankruptcy Court quickly dissolved after the new TRO case was removed by Appellees)—the Bankruptcy Court ultimately entered a Final Order authorizing Veritex to proceed with a foreclosure sale on the Property.[24] However, prior to that foreclosure sale, on June 3, 2024, BDFI and GWLI recorded a Notice of *Lis Pendens* against the Property in the Harris County real property records purporting to give "notice that the ownership of the real property and improvements located at 50 Briar Hollow Ln, Houston,

---

[22] *See* ROA.000657-660. GWLI seems to believe that this self-directed "involuntary" bankruptcy filing somehow circumvented their bar to refiling imposed by the Settlement Agreement.

[23] *See* ROA.000757-764.

[24] *See* ROA.000054-55. Veritex foreclosed in the name of its wholly owned subsidiary, VB Aquisition. *See* ROA.000064-115.

Texas 77027 ('Property') is at issue in [this] lawsuit." (the **First BDFI *Lis Pendens***).[25] The Notice created a cloud on the title of the Property that impacted Veritex's ability to sell it, circumventing the Bankruptcy Court's order authorizing the sale to proceed.[26]

On August 14, 2024, Veritex filed a motion in the 295th Suit to partially re-open the case to allow Veritex to proceed against BDFI, including but not limited to seeking expunction of the *lis pendens* solely as to BDFI. The court in the 295th Suit entered an Order granting this motion on September 30, 2024.

On October 1, 2024, Veritex filed its Motion to Expunge *Lis Pendens* as to BDFI in the 295th Suit.[27] The motion was set for hearing on October 28, 2024. At that hearing, new counsel for BDFI appeared and represented that BDFI had or was going to release the First BDFI *Lis Pendens*. The state court then instructed BDFI's counsel to go to the clerk's office to record the release,

---

[25] *See* ROA.000057-62.

[26] *See* ROA.000325-326.

[27] The relief sought in that motion only related to BDFI. GWLI's interest in the notice of *lis pendens* was separately released by the bankruptcy trustee.

which he did with Veritex's counsel in attendance. Accordingly, the state court denied the motion to expunge as moot at that time.

Since then, Veritex has actively marketed the Property for sale.[28] However, Veritex subsequently learned that the Choudhri Parties had proceeded to record three *new* notices of *lis pendens* in November and December 2024 without providing any notice to Veritex as required by Texas Property Code § 12.007(d).[29] These new notices of lis pendens are described below:[30]

a. **Second BDFI *Lis Pendens***. On November 22, 2024, Choudhri recorded a Notice of *Lis Pendens* relating to the 295th Suit that is functionally identical to the First BDFI *Lis Pendens* that BDFI's counsel expressly released in October 2024.[31]

b. **First Choudhri *Lis Pendens***. On November 22, 2024, Choudhri recorded a separate Notice of *Lis Pendens* relating to a separate lawsuit by Veritex against him personally for breach of the Settlement Agreement.[32]

c. **Second Choudhri *Lis Pendens***. On December 10, 2024, Choudhri recorded a Notice of *Lis Pendens* relating to a wholly-unrelated case filed against him in the 189th Judicial District Court of

---

[28] *See* ROA.000051.

[29] *See* ROA.000117-133.

[30] Veritex separately sought the expunction of these notices in the corresponding lawsuits underlying those notices. They are addressed here only for context.

[31] *See* ROA.000117-121.

[32] *See* ROA.000123-127.

Harris County.[33]

In yet another improper attempt to interfere with Appellees' rights over the Property, in conjunction with the filing of this latest litigation, BDFI's counsel then filed *another* new notice of *lis pendens* (**Third BDFI *Lis Pendens***).[34] Like before, Appellees were not provided with any notice of the Third BDFI *Lis Pendens* as required by Texas Property Code § 12.007(d).[35]

As with the First BDFI *Lis Pendens*, the new notices of *lis pendens* are all improper on their face because they **do not involve any claim to title on the Property**. As with so many other things done by BDFI, the notices were not recorded for any legitimate purpose but for the sole purpose of interfering with Veritex's right to sell the Property in a continuing effort by the Choudhri Parties to circumvent the Bankruptcy Court's orders.

### B.    Procedural History of the Current Appeal

The Bankruptcy Court's June 4, 2024 Final Order authorizing Veritex to proceed with the sale of the Property reserved the Bankruptcy Court's

---

[33] *See* ROA.000129-133.

[34] *See* ROA.000135-139.

[35] *See* ROA.000051.

continuing jurisdiction "to hear and determine all matters arising from or related to the implementation of [the] Order."[36]

On April 28, 2025, BDFI filed its latest petition in the 189th District Court of Harris County, Texas (the **189th Suit**), asserting new claims against Appellees for wrongful foreclosure, fraudulent foreclosure, improper credit bid, and breach of contract.[37] On May 14, 2025, Appellees removed the 189th Suit to the Bankruptcy Court, as the relief sought by BDFI directly arose from, or related to, the implementation of the Bankruptcy Court's June 4, 2024 Final Order.[38] On May 23, 2025, Appellees filed their Motion to Expunge *Lis Pendens* (**Motion to Expunge**) in the Bankruptcy Court to remove the improper *lis pendens* relating to the 189th Suit.[39] Appellees also filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (**Motion to Dismiss**)[40] The Motion to Dismiss specifically sought dismissal of all BDFI's claims *with prejudice* because, among other things, such claims were barred by collateral estoppel and were an improper attempt by BDFI to effectively

---

[36] *See* ROA.000055.

[37] *See* ROA.000012-19.

[38] *See* ROA.000001-07.

[39] *See* ROA.000034-48.

[40] *See* ROA.000154-167.

unwind the Bankruptcy Court's prior orders involving ownership of the Property.[41] The Bankruptcy Court set a hearing to address the Motion to Expunge and the Motion to Dismiss for June 23, 2025 at 10:15 a.m.[42]

On the morning of the hearing, BDFI filed its Notice of Non-Suit / Voluntary Dismissal Pursuant to Federal Rule of Bankruptcy Procedure 7041(a)(1)(A)(i).[43]

The Bankruptcy Court proceeded with the hearing and told BDFI on the record in open court that it would not permit BDFI to dismiss without prejudice due to the Bankruptcy Court's concerns about BDFI's continued improper litigation tactics seeking to interfere with the sale of the Property.[44] Specifically, the Bankruptcy Court—already well acquainted with Choudhri's tactics found that "there have been far too many games played in this case, including the initiation of this case" and that "we're not going to proceed with gamesmanship."[45] The Court went on, after a full

---

[41] *Id.*

[42] *See* ROA.000316-18.

[43] This rule of bankruptcy procedure is the analogue of Fed. R. Civ. P. 41(a).

[44] *See* ROA.000563-64, 571-72, and 653-54 (Jun. 23, 2025 Hr'g Tr. at 16:07-17:05, 24:11-25:02, and 106:23–107:09).

[45] ROA.000563-64 (Jun. 23, 2025 Hr'g Tr. at 16:24–17:01)

hearing, to specifically find that "[t]his adversary proceeding filed in state court was filed in bad faith. It was merit free. It was done to subvert the prior orders of this Court."[46]

Later that day, the Bankruptcy Court signed its Order Dismissing Lawsuit and Expunging Lis Pendens, dismissing the removed 189th Suit with prejudice—both pursuant to Rule 41 and pursuant to its inherent power to police frivolous proceedings contrary to the interests of the bankruptcy estate—and expunging the *lis pendens* accordingly.[47]

BDFI appealed to this Court.

---

[46] ROA.000653 (June 23, 2025 Hr'g Tr. at 106:23–25).

[47] *See* ROA.000547.

BDFI filed only a cursory, 10-page brief with less than 5 full pages of argument. Its appeal relies entirely on a mistaken premise that Rule 41(a)'s right of voluntary dismissal of a civil action grants BDFI an absolute right to dismiss the removed adversary proceeding and that the Bankruptcy Court exceeded its authority by ordering a dismissal *with prejudice* after BDFI voluntarily non-suited. However, BDFI ignores the fact that the Bankruptcy Court has a unique power under 11 U.S.C. § 105 to implement "any order" necessary for the administration of the bankruptcy estate. Both the Fifth Circuit and this Court have previously held that even otherwise unqualified rights—including other rights to voluntary dismissal found in the Bankruptcy Code—are subordinate to the Bankruptcy Court's section 105 authority, which is specifically granted to the Bankruptcy Court to prevent bad faith actions and abuse of the bankruptcy process.

The Bankruptcy Court correctly determined BDFI's actions (controlled by Choudhri) to be yet another example of a long sequence of efforts intended to circumvent the Bankruptcy Court's prior orders and interfere with the prompt sale of the Property, and the Bankruptcy Court therefore properly exercised its discretion to dismiss the adversary proceeding with

prejudice rather than permitting BDFI to nonsuit and refile the same claims later to create further delay.

As for the *lis pendens* issue, BDFI has waived this argument on appeal by failing to brief it. In the alternative, authority from this Court supports the Bankruptcy Court's expungement order.

### STANDARD OF REVIEW

"In reviewing a bankruptcy court decision, a district court functions as an appellate court and applies the standards of review generally applied in federal courts of appeal." *Perez v. Peake*, 373 B.R. 468, 477 (S.D. Tex. 2007) (citing *In re Webb*, 954 F.2d 1102, 1103–04 (5th Cir. 1992)).

"A bankruptcy court's findings of fact are reviewed for clear error, with proper deference to that court's opportunity to make credibility determinations." *Perez*, 373 B.R. at 477 (citing FED. R. BANKR. P. 8013 and *In re McDaniel*, 70 F.3d 841, 842–43 (5th Cir. 1995)). "Legal conclusions are reviewed de novo." *Id.*; *In re Herby's Foods, Inc.*, 2 F.3d 128, 130 (5th Cir. 1993).

<u>**ARGUMENT**</u>

**I.** **The Bankruptcy Court properly dismissed BDFI's frivolous claims with prejudice, pursuant to its authority under section 105 of the Bankruptcy Code, to prevent further bad faith conduct by BDFI.**

BDFI's principal complaint is that it voluntarily non-suited its proceeding, after Appellees' removal to the Bankruptcy Court, pursuant to Federal Rule of Civil Procedure 41(a) and the Bankruptcy Court was therefore without power to enter an order dismissing BDFI's claims with prejudice.[48]

The text of Rule 41(a) is set out in its entirety in Appellant's Brief.[49] There is no dispute as to the Rule's unambiguous language, nor do Appellees take issue with the general contentions of law made by BDFI concerning Rule 41(a)'s typical application in a federal *district* court. *See* Fed. R. Civ. P. 41(a).

But BDFI has completely missed the mark in this appeal by failing to realize that the Bankruptcy Court is not an Article III court bound to honor any "absolute right" of unqualified voluntary dismissal under Rule 41(a). Instead, Congress has given the Bankruptcy Court unique statutory

---

[48] Appellant's Br. at v and 4-8.

[49] Appellant's Br. at 4-5.

authority permitting it to make "any order, process, or judgment that is necessary or appropriate" under the circumstances—a special power that is not shared by the district court, and that permits the Bankruptcy Court much broader authority to dismiss an action *with prejudice* notwithstanding BDFI's last-minute attempt to evade any consequences from its frivolous actions intended to circumvent the Bankruptcy Court's prior orders.

Section 105 is an express Congressional grant of authority to the Article 1 federal bankruptcy courts permitting those courts to "issue **any order**, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."[50] 11 U.S.C. § 105(a) (emphasis added). BDFI correctly states that Rule 41(a) normally affords a civil litigant "self-effectuating" power to dismiss a case and prevents a *district* court from attaching any conditions to the dismissal.[51] But BDFI fails to acknowledge the key distinction created by the bankruptcy court's section 105 powers. The Fifth Circuit has held that "**even otherwise unqualified rights**" are necessarily "subject to limitation by the bankruptcy court's power under

---

[50] Title 11 of the United States Code is generally referred to as the United States Bankruptcy Code, or the "Bankruptcy Code" for short.

[51] Appellant's Br. at 5.

§ 105(a) to police bad faith and abuse of process[.]" *In re Gow Ming Chao*, No. 11–38131, 2011 WL 5855276, at \*7 (S.D. Tex. 2011) (quoting *Jacobsen v. Moser (In re Jacobsen)*, 609 F.3d 647, 658–61 (5th Cir. 2010) (internal quotation omitted) (emphasis added). The Bankruptcy Court properly exercised such authority in this case. *See In re DB Holdings Liquidation Inc.*, 592 B.R. 539, 546 (Bankr. D. Del. 2018) (holding that bankruptcy courts are not required to apply Rule 41 and that section 105(a) "affords the Bankruptcy Court flexibility to 'issue any order, process, or judgment that is necessary or appropriate to carry out the provisions' of the Bankruptcy Code, including with respect to the terms on which it grants a motion to withdraw or dismiss.").

BDFI cites only three (3) cases in its argument. Notably, each of those cases dealt with Rule 41(a) in the context of an Article III district court; none involved an Article I bankruptcy court's authority pursuant to section 105 of the Bankruptcy Code. *See Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 289 (5th Cir. 2016) (holding that the *district court* lacked jurisdiction to impose the refiling restriction); *In re Amerijet Int'l, Inc.*, 785 F.3d 967, 969 (5th Cir. 2015) (per curiam) (affirming the *district court*'s injunction and analyzing the impact of a pre-removal answer on Rule 41 voluntary dismissal); *Carter*

*v. United States*, 547 F.2d 258, 258 (5th Cir. 1977) (holding that the *district court* erred in refusing to dismiss the complaint without prejudice pursuant to the plaintiff's Rule 41 stipulation). None of these authorities reflects any error by the Bankruptcy Court in the case at bar. While BDFI argues that Rule 41(a) affords it an "absolute" right to dismiss its case voluntarily that is "self-effectuating," it fails to appreciate that this right (like other "absolute" dismissal rights) is subject to the Bankruptcy Court's unique section 105 power.

In *Jacobsen*, a party (Jacobsen) filed for Chapter 13 relief in the United States Bankruptcy Court for the Eastern District of Texas. *In re Jacobsen*, 609 F.3d at 649. During the case, the Chapter 13 Trustee moved to convert the case to a Chapter 7 for cause, pursuant to 11 U.S.C. § 1307(c). *Id*. Jacobsen attempted to prevent this conversion by moving for voluntary dismissal under 11 U.S.C. § 1307(b), which provides that, "[o]n request of the debtor at any time," subject to limited exceptions, "the court **shall** dismiss a case under this chapter" and goes further by expressly stating that any waiver of a right to dismiss "is unenforceable." 11 U.S.C. § 1307(b) (emphasis added). The bankruptcy court refused to honor Jacobsen's voluntary dismissal, however, finding that he had acted in bad faith. *In re Jacobsen*, 609 F.3d at 649.

The Fifth Circuit affirmed the bankruptcy court's refusal to permit a voluntary dismissal under the circumstances, noting that while Jacobsen had an "apparently unqualified and absolute right" to convert a case, that right is subject to an important exception for bad faith conduct under the Bankruptcy Code. *In re Jacobsen*, 609 F.3d at 661. Specifically, the Fifth Circuit noted that the Supreme Court's 2007 *Marrama* opinion established the proposition "that an apparently unqualified right is subject to an exception for bad faith and that bad faith justifies a bankruptcy court's exercise of its powers under § 105(a)[.]" *Id*. (citing *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365 (2007)). The Fifth Circuit therefore "decline[d] to read § 1307(b) as an 'escape hatch'" that would permit Jacobsen "to escape a conversion motion filed under § 1307(c)." *In re Jacobsen*, 609 F.3d at 661.

The same logic applies here. Much like the Chapter 13 Trustee's motion to convert for cause presented Jacobsen with an undesirable outcome that he wished to avoid, Appellees' removal of BDFI's frivolous state court litigation brought BDFI before the Bankruptcy Court to answer for its conduct in attempting to circumvent the Bankruptcy Court's prior orders through the state court proceeding. BDFI, aware that its state-court litigation was a frivolous attempt to evade the Bankruptcy Court's prior rulings, therefore

sought to use Rule 41(a) as an "escape hatch" to avoid the Bankruptcy Court's jurisdiction and prevent any ruling on the merits that would prejudice its ability to continue pursuing delay tactics in state court. The Bankruptcy Court expressly recognized this bad faith on the record, finding:

> "Well, no. I'm going to deny your notice of dismissal as being **done in bad faith** …"[52]
>
> …
>
> "This adversary proceeding filed in state court **was filed in bad faith. It was merit free. It was done to subvert the prior orders of this Court**.
>
> I have dismissed on the plaintiff's motion the lawsuit and under Rule 41 I have dismissed it with prejudice. I am **also**, however, for the purpose of completeness **dismissing it with prejudice under the Court's inherent power to police frivolous pleadings that have been filed**."[53]

In other words, the Court did not *only* invoke Rule 41 to dismiss the adversary proceeding with prejudice (the sole point of error raised by Appellant's Brief); rather, the Bankruptcy Court *also* invoked its inherent authority under section 105 to enter any order, including an order of dismissal with prejudice, that is necessary or appropriate to carry out the

---

[52] ROA.000567 (Jun. 23, 2025 Hr'g Tr. at 20:22–23) (emphasis added).

[53] ROA.000653–54 (Jun. 23, 2025 Hr'g Tr. at 106:23–107:05).

provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). And such a dismissal is an appropriate exercise of section 105 when the Bankruptcy Court has found the existence of bad faith on the record. *See Marrama*, 549 U.S. 365 (holding that bad faith justifies a bankruptcy court's exercise of its powers under § 105(a)[.]" *Id.* (citing

The Bankruptcy Court's factual findings of bad faith are reviewed by this Court for clear error. *Perez*, 373 B.R. at 477 (citing FED. R. BANKR. P. 8013 and *In re McDaniel*, 70 F.3d at 842–43). "A finding of fact is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *In re Jacobsen*, 609 F.3d at 662 (citing *Becker v. Tidewater, Inc.*, 586 F.3d 358, 367 (5th Cir. 2009)). The reviewing court's role is "not to weigh the evidence" independently, "but merely to determine whether the lower court's account 'is plausible in light of the record viewed in its entirety.'" *Id.* (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985)). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Id.*

Appellant's Brief fails to identify or challenge any bad faith finding by the Bankruptcy Court. BDFI merely asserts that the Bankruptcy Court erred

in dismissing the case under Rule 41 without contesting the Bankruptcy Court's findings of fact that BDFI acted in bad faith based on the extensive record before the court. "The Fifth Circuit makes it clear that when a party does not address an issue in his brief to the district court, that failure constitutes a waiver on appeal. By analogy, failure to brief an argument in the district court waives that argument in that court." *Guzman v. Hacienda Records*, No. 6:12–CV–42, 2015 WL 4920058, at *1 n.2 (S.D. Tex. Aug. 18, 2015) (Costa, J.)[54] (internal quotations and citations omitted). Thus, BDFI has waived any complaint about clear error in the Bankruptcy Court's factual findings by failing to brief it.

Regardless, just as Jacobsen's otherwise "unqualified" and "absolute" right of dismissal under section 1307(b) was nevertheless subject to the Bankruptcy Court's authority to craft appropriate orders under section 105, the Bankruptcy Court found that BDFI had engaged in bad faith to circumvent the Bankruptcy Court's prior orders and therefore refused to allow BDFI to use Rule 41(a) as a mechanism to preserve its ability to continue engaging in any more of this bad faith conduct in the future. The

---

[54] United States Circuit Judge, sitting by assignment.

Bankruptcy Court—based on the extensive record of prior proceedings before it and its own firsthand knowledge of the Choudhri Parties' repeated efforts to frustrate the sale of the Property—therefore ordered that dismissal would be *with prejudice*, pursuant to its inherent power to police bad faith filings, in order to prevent any future ability of the Choudhri Parties to engage in the same bad faith tactics going forward.[55] *See In re Jacobsen*, 609 F.3d at 663 (concluding that, in light of Jacobsen's bad faith, it was within the bankruptcy court's discretion to exercise its section 105 authority and refuse to permit an otherwise absolute right to voluntary dismissal).

**II.   The Bankruptcy Court properly expunged the *lis pendens* notices under section 105 of the Bankruptcy Code or, alternatively, under its continuing jurisdiction to address those notices after dismissal of BDFI's underlying causes of action.**

BDFI's second issue on appeal concerns "[w]hether the Bankruptcy Court erred as a matter of law when it entered an order … expunging the Lis Pendens after the Notice [of voluntary dismissal] was filed."[56] However, while BDFI raises this issue in its "Issues Presented" section and makes another passing reference to the alleged error in its "Summary of the

---

[55] *See* ROA.000563-64, 571-72, and 653-54 (Jun. 23, 2025 Hr'g Tr. at 16:07-17:05, 24:11-25:02, and 106:23–107:09).

[56] Appellant's Br. at v ("Issues Presented").

Argument" section,[57] BDFI fails to present any actual argument specific to this *lis pendens* issue beyond the arguments made in connection with its first argument (that dismissal of the suit was improper).[58]

Again, "[t]he Fifth Circuit makes it clear that when a party does not address an issue in his brief to the district court, that failure constitutes a waiver on appeal. By analogy, failure to brief an argument in the district court waives that argument in that court." *Guzman*, 2015 WL 4920058, at *1 (internal quotations and citations omitted). BDFI has also waived its entire second issue on appeal by failing to present any argument to this Court on appeal as to the Bankruptcy Court's power to dispose of the *lis pendens* independent of its power to dismiss the lawsuit with prejudice.

Alternatively, to the extent that this Court may find BDFI's arguments concerning the Bankruptcy Court's dismissal power under Rule 41(a) to be sufficient to also make an argument on appeal that the Bankruptcy Court lacked jurisdiction to expunge the *lis pendens*, such an argument fails for two reasons.

---

[57] Appellant's Br. at 4.

[58] See Appellant's Br. at 4–8.

First, Rule 41(a) does not provide an absolute right to voluntary dismissal in this case for the reasons set forth above and, therefore, could not have divested the Bankruptcy Court of any jurisdiction to expunge the *lis pendens* for the same reasons.

Second, even assuming *arguendo* that the Bankruptcy Court did lack jurisdiction to dismiss the adversary proceeding with prejudice, it nevertheless had continuing jurisdiction to dispose of the *lis pendens* (even after any self-effectuating notice of dismissal filed by BDFI).

In *W&L Ventures, Inc. v. East West Bank*, this Court dismissed a plaintiff's wrongful foreclosure claims and other related causes of action with prejudice. No. H–13–00754, 2014 WL 3810692, at *1 (S.D. Tex. Aug. 1, 2014). The Court then proceeded, through a separate motion heard *after* dismissal of the underlying causes of action, to expunge the plaintiff's *lis pendens* notices in light of the dismissed causes of action. *Id*. at *2 ("The dismissal with prejudice of the plaintiffs' real property claims that could support a *lis pendens* supports expungement. … A dismissal with prejudice suffices as a ruling that there is no real property claim or that the plaintiffs cannot establish the probable validity of such a claim. East West Bank's motion to expunge the *lis pendens* is granted."); *see also Williams v. Capital*

31

*Fund I, LLC*, No. 4:23–cv–1694, 2024 WL 2806178, at *2 (S.D. Tex. May 31, 2024) ("Considering that the Court dismissed plaintiff's claim in the lawsuit noticed in the *lis pendens* (Doc. No. 16), the Court concludes that Plaintiff has failed to establish by a preponderance of the evidence the probable validity of the real property claim; therefore, the Court hereby grants Defendant's motion to expunge Plaintiff's *lis pendens*.").

Section 12.0071 does not restrict the ability of a party to bring an application to expunge a *lis pendens* to only the timeframe that the underlying litigation is actively pending. *See* Tex. Prop. Code Ann. § 12.0071.

This, of course, makes total sense. A *lis pendens* must be supported by an underlying lawsuit, as the entire purpose of the *lis pendens* is to put potential property owners on notice of pending litigation involving the property.[59] *In re Miller*, 433 S.W.3d 82, 84 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding) ("A lis pendens is a notice **of litigation**[.]") (emphasis added). If courts did not have jurisdiction to expunge the *lis pendens* following the dismissal (whether voluntary or involuntary) of the

---

[59] *See* ROA.000553-54 (Jun. 23, 2025 Hr'g Tr. at 6:20–21 and 7:07–09) ("THE COURT: What's the basis of the lis pendens if there's no lawsuit that it's associated with?" … "THE COURT: -- tell me the basis on which you think you're entitled to a lis pendens on a lawsuit that you are dismissing.").

underlying litigation to which the notice relates, then a plaintiff could file a lawsuit, issue a notice of *lis pendens*, subsequently dismiss the lawsuit to which the *lis pendens* relates, but then leave the *lis pendens* in place in perpetuity to cloud title to property with no way for the defendant to have it judicially expunged after the dismissal. Such a result would be nonsensical and clearly contrary to the purposes of the *lis pendens* statute.

Finally, the fact that the case was removed from state court, after the *lis pendens* notices were first filed in connection with state court litigation, does not change the analysis. *Williams*, 2024 WL 2806178, at *2 (citing cases and concluding that the Court had authority under Texas Property Code § 12.0071 to rule on the defendant's request to expunge the plaintiff's notice of *lis pendens*, even though the case was originally filed in state court and removed).

**CONCLUSION AND PRAYER**

BDFI's cursory brief has failed to meet its burden to establish that the Bankruptcy Court committed any reversible error. For the reasons stated herein, Appellees respectfully pray that this Court AFFIRM the Bankruptcy Court's final orders dismissing BDFI's adversary proceeding with prejudice and expunging BDFI's *lis pendens* notices, and that this Court further award Appellees all other relief to which they may be entitled.

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By: */s/ Andrew Robertson*
    **Andrew D. Robertson**
    Texas Bar No. 24090845
    S.D. Tex. Bar No. 3313898
    **Brian W. Clark**
    Texas Bar No. 24032075
    S.D. Tex. Bar No. 558245

901 Main Street, Suite 5200
Dallas, Texas 75202
Tel: 214.777.4287
Fax: 214.777.4299
drobertson@krcl.com
bclark@krcl.com

*Appellate Counsel for Appellees*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing and served it on all parties via the Court's ECF system on September 24, 2025.

*/s/ Andrew Robertson*
Andrew D. Robertson

**CERTIFICATE OF COMPLIANCE**

Pursuant to FED. R. BANKR. P. 8015(h), I certify that this document complies with the word limit of FED. R. BANKR. P. 8015(a)(7) applicable to bankruptcy appeals because, excluding the parts of the document exempted by FED. R. BANKR. P. 8015(g) this document contains 5,445 words, as calculated by the word count function of Microsoft Word.

I further certify that this document complies with the typeface and type style requirements of FED. R. BANKR. P. 8015(a)(5)–(6) because this document has been prepared in Microsoft Word using 14–point Book Antiqua except for footnotes, which are in 12–point Book Antiqua, and that this document otherwise meets all formatting requirements of S.D. TEX. LOCAL RULE 10.2.

<i>/s/ Andrew Robertson</i>

Andrew D. Robertson