United States District Court
Southern District of Texas

**ENTERED**

May 13, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CIVIL ACTION NUMBER |
| GALLERIA WEST LOOP | § | 4:25-cv-03156 |
| INVESTMENTS, LLC, | § | |
| Debtor, | § | |
| ———————————— | § | |
| | § | |
| BDFI, LLC, | § | |
| Appellant, | § | |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| VB ACQUISITION SUB NO 3, | § | |
| LLC, and VERTEX | § | |
| COMMUNITY BANK, | § | |
| Appellees. | § | |

**ORDER OF AFFIRMANCE**

Appellant BDFI, LLC, appeals from an order of the United States Bankruptcy Court dismissing its lawsuit against Appellees VB Acquisition Sub No. 3, LLC, and Veritex Community Bank with prejudice, and expunging its *lis pendens*. See Dkt 3; see also Dkt 2-3 at 129 (order).

In appeals from core bankruptcy proceedings, a district court functions as an appellate court. It thus applies the same standard of review as would a federal appellate court. See *Matter of Webb*, 954 F2d 1102, 1103–04 (5th Cir 1992). As such, findings of fact are reviewed for clear error, and conclusions of law are reviewed *de novo. In re Seven Seas Petroleum, Inc*, 522 F3d 575, 583 (5th Cir 2008); see also Federal Rule of Bankruptcy Procedure 8013. Matters

within the discretion of a bankruptcy court are reviewed only for abuse of discretion. *In re Gandy*, 299 F3d 489, 494 (5th Cir 2002). On review of conclusions of law, the district court "may affirm if there are any grounds in the record to support the judgment, even if those grounds were not relied upon" by the bankruptcy court. *In re Green Hills Development Co*, 741 F3d 651, 656 n 17 (5th Cir 2014) (citations omitted).

Appellant states that it filed a notice of voluntary dismissal pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Rule 7041 of the Federal Rules of Bankruptcy Procedure. It thus argues that the bankruptcy court lacked jurisdiction to rule on the motion to dismiss and motion to expunge *lis pendens*. Dkt 3 at 10–13.

Appellees state ample reason why that is untrue. See Dkt 5 at 21–23. In particular, the bankruptcy court was acting within its authority under 11 USC §105(a), which states:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

Exercise of such discretion was appropriate in light of the "bad faith" found by the bankruptcy court to be present in Appellant's conduct. Dkt 2-4 at 20–21, 107 (hearing transcript). And the right of voluntary dismissal of a bankruptcy action is itself qualified by authority of the bankruptcy court to deny dismissal for bad faith or abuse of bankruptcy process. See *In re Jacobsen*, 609 F3d 647, 660

(5th Cir 2010). Indeed, the bankruptcy judge dismissed the adversary proceeding "with prejudice under the Court's inherent power to police frivolous pleadings that have been filed." Dkt 2-4 at 107.

Such findings of bad faith are reviewed only for clear error. See *In re Jacobsen*, 609 F3d at 662. The record supports the finding of bad faith and the frivolous nature of Appellant's pleadings, along with the ultimate disposition of Appellant's claims.

To the extent that Appellant had any arguments specific to the *lis pendens* issue beyond the jurisdictional argument above, those arguments are waived for failure to brief. See *Akuna Matata Investments, Ltd, v Texas Nom LP*, 814 F3d 277, 282 n 6 (5th Cir 2016); see also Dkt 5 at 29–33.

The order of the bankruptcy court from which Appellant BDFI, LLC, appeals is AFFIRMED. See Dkt 2-3 at 129.

SO ORDERED.

Signed on May 12, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge